HAMLIN, Justice
(concurring in part and dissenting in part).
It is my view that at the time the minor Jaural Leopold Green, approximately twenty years of age, failed to give the care a lifeguard owes the patrons at a public swimming pool and was guilty of the negligence — not remaining alert and aware of any exposure to danger of the young children who had been entrusted to his care — • which has been found to be the proximate cause of the drowning death of the minor Charles Edward Williams, he was neither supervised nor controlled by either of his parents. I do not believe that under the circumstances of this case Green’s father should be held liable in damages for the minor’s wrongful actions.
The facts of record reflect that Green was an employed lifeguard at the Brooks Park Swimming Pool, said pool being operated by the East Baton Rouge Parish Recreation and Park Commission. He was an employee and had been tested by his employer; he had passed the tests given by the American Red Cross; his credentials were recited on cards, and he had demonstrated these cards to his employer. Green was also a swimming instructor. He was on duty at the time the instant death occurred; his help was sought when young Williams’ plight was discovered by Michael Yates. Pie failed to render assistance when needed, thinking that Yates’ plea for help was a trick. At the time of the accident, Green was on his employer’s premises; he was controlled not by his parents but by his employer; he was remunerated by his employer.
“While it is said that at common law there are four elements which are considered upon the question whether the relationship of master and servant exists, —namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of *789 the control of the servant’s conduct, — the really essential element of the relationship is the right of control — the right of one person, the master, to order and control another, the servant, in the performance of work by the latter, and the right to direct the manner in which the work shall be done. It is, moreover, essential that the master shall have control and direction not only of the employment to which the contract relates, but also of all of its details, and if these elements of control and direction are lacking, no relationship of master and servant exists. The test of the employer-employee relation is the right of the employer to exercise control of the details and method of performing the work. * * *” 35 Am. Jur. Master and Servant, Sec. 3, pp. 445-446.
In the case of Redd v. Bohannon, La. App., 166 So.2d 362, it was aptly stated:
“* * * the basis of the parental liability rests upon the parent’s legal right to control and supervise the actions of a minor of whom he has legal custody. See also Planiol, Civil Law Treatise (LSLI Translation, 1959) Volume 2, Section 909, discussing source article of LSA-CIVIL CODE, Article 2318: ‘In truth, responding for the act of a minor is not responsibility for the act of another, but for one’s own act; a person is himself at fault, for not having supervised with sufficient strictness the minor confided to his care.’ ”
No case directly in point has been cited to this Court by counsel.' LSA-C.C. Art. 2318, provides that: “The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.” In the instant case, Green was not placed under the care of the East Baton Rouge Parish Recreation and Park Commission. His parents surrendered, not delegated, their control and supervision to the Commission. During Green’s working hours, he owed nothing to his parents; his obligation was to his employer. Such circumstances clearly indicate to me that the parents’ control was interrupted and suspended.
Green was neither a student nor an apprentice. His parents had not trained, examined, or instructed him. He was working for money and was at the beck and call of the East Baton Rouge Parish Recreation and Park Commission when on duty. It is therefore apparent to me that Green’s father is not responsible for his negligence and should suffer no liability for his actions.
In this modern day and time, thousands of minors are employed in department stores, grocery stores, hotels, restaurants,. *791 barber shops, garages, theatres, and other commercial establishments. Many young people act as counsellors at summer camps. Reason dictates that the majority opinion creates a hardship which could deter the useful and gainful employment of minors. Green was not wanting as a son. He was wanting only as an employee — as a lifeguard.
For the reasons above stated, I respectfully dissent from that part of the majority opinion which holds Charles A. Green liable in damages for the negligence of his son Jaural Leopold Green.